UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYRONE THOMAS,<br><br>    Petitioner,<br><br>    v.<br><br>T. ALLEN, Warden,<br><br>    Respondent. | No. 2:22-cv-04536-GW-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On July 1, 2022, Petitioner Tyrone Thomas ("Petitioner"), an inmate at Salinas Valley State Prison, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his 1994 conviction for shooting at an inhabited dwelling and 1995 sentencing enhancement for having suffered from two prior strike convictions. Dkt. 1 ("Petition" or "Pet.") at 2. Although the Petition states no prior federal habeas petitions has been filed as to the 1994 conviction, this Court's records reveals Petitioner previously challenged this same 1994 conviction and 1995 sentence in this Court in Thomas v. Gonzalez, Case No.

1

2:08-cv-04625-MMM-RC (C.D. Cal.) ("Prior Action").[1] Petitioner constructively filed his habeas petition in the Prior Action on July 15, 2008, and the Court dismissed the Prior Action as untimely on February 12, 2009. Prior Action, Dkt. 1, 15. Petitioner then filed a Notice of Appeal in the Prior Action, but the Ninth Circuit denied Petitioner a certificate of appealability initially and upon reconsideration. Prior Action, Dkt. 16, 24, 25.

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix, 545 U.S. 644, 656 (2005). Based on a review of the Petition and the docket of the Prior Action, it appears that the Petition herein constitutes a second and/or successive petition under 28 U.S.C. § 2244(b), as Petitioner previously sought federal habeas relief from the same judgment of conviction.

## II.
## PETITIONER'S CLAIMS

Petitioner characterizes his single claim as follows: "The trial court imposed an illegal enhancement in case number LA017393."[2] Pet. at 5. In support, he asserts "being sentenced under two priors that brought forth a three strikes sentence [is] in violation of the judgment set forth by the Superior Court of the State of California, for the County of Amador in its order on the charge of assault on a peace officer." Id.

---

[1] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Case no. LA017393 refers to Petitioner's 1994 conviction and 1995 sentence. See Thomas v. Gonzalez, 2009 WL 393712, at *1 (C.D. Cal. Feb. 12, 2009).

# III.
# DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted

        by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

        A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

        Here, as explained above, the instant Petition challenges the same 1994 conviction and 1995 sentence that Petitioner challenged in the Prior Action. Consequently, because the Court dismissed the Prior Action as untimely—and thus adjudicated the Prior Action on the merits—the instant Petition appears to constitute a second and/or successive petition. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA because "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims"); Garcia-Mesa v. United States, 2022 WL 2304230, at *1 (9th Cir. June 27, 2022) (observing that because petitioner's first habeas petition was denied as untimely, which is a merits determination, his current petition challenging the same conviction is second and/or successive). As such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate the issue raised in the Petition. 28 U.S.C. § 2244(b)(3)(A). As Petitioner has not presented, and the Court did not locate in a record search, any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," it appears the Court lacks jurisdiction over the Petition, rendering the instant Petition subject to dismissal.

## IV.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response by **no later than thirty (30) days from the date of this Order** explaining that the Petition is not a second and/or successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and/or successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and/or successive to his prior claim.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a). The Clerk is directed to provide a Form Notice of Dismissal with this Order.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: July 13, 2022

_____
JOHN D. EARLY
United States Magistrate Judge